**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

YAMA PARSA,
Petitioner,

v.

U.S. IMMIGRATION & NATURALIZATION
SERVICE,
Respondent.

No. 95-2238

On Petition for Review of an Order
of the Immigration and Naturalization Service.
(A72-419-817)

Submitted: June 28, 1996

Decided: July 22, 1996

Before ERVIN, WILKINS, and HAMILTON, Circuit Judges.

_____

Petition denied by unpublished per curiam opinion.

_____

**COUNSEL**

Richard S. Bromberg, Washington, D.C., for Petitioner. Frank W.
Hunger, Assistant Attorney General, Carl H. McIntyre, Senior Litiga-
tion Counsel, Hugh G. Mullane, Office of Immigration Litigation,
UNITED STATES DEPARTMENT OF JUSTICE, Washington,
D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Yama Parsa petitions for review of a final order of the Board of Immigration Appeals (Board) denying his application for asylum and withholding of deportation. Because substantial evidence supports the Board's decision, we affirm.

I

Parsa, who was born in 1970, is a native and citizen of Afghanistan. He left Afghanistan when he was two, and moved with his family to Italy. He has returned to Afghanistan only once, for a two-month visit when he was four. Parsa entered the United States as a visitor on August 13, 1992, and was authorized to remain here until February 12, 1993.

On September 22, 1992, Parsa applied for asylum. After the request was denied, the Immigration and Naturalization Service commenced deportation proceedings by filing an order to show cause charging Parsa with having overstayed his nonimmigrant visa. At a hearing before an immigration judge (IJ), Parsa acknowledged deportability as charged. He applied for asylum and withholding of deportation.

Following the hearing, the IJ issued a decision denying the request for asylum and withholding of deportation. Parsa timely appealed to the Board. The Board dismissed the appeal, finding that Parsa had not met the evidentiary burden necessary to establish entitlement to asylum and withholding of deportation. Parsa timely petitioned this court for review of the Board's order.

II

The Immigration and Nationality Act (Act) authorizes the Attorney General, in her discretion, to confer asylum on any"refugee."

2

8 U.S.C.A. § 1158(a) (West Supp. 1996). The Act defines a "refugee" as a person unwilling or unable to return to his native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C.A. § 1101(a)(42)(A) (West Supp. 1996); see M.A. v. INS, 899 F.2d 304, 307 (4th Cir. 1990) (in banc).

The "well-founded fear of persecution" standard contains both a subjective and an objective component. The subjective element requires that the applicant present "`candid, credible, and sincere testimony' demonstrating a genuine fear of persecution." Berroteran-Melendez v. INS, 955 F.2d 1251, 1256 (9th Cir. 1992); see Figeroa v. INS, 886 F.2d 76, 79 (4th Cir. 1989). The objective element requires a showing of specific, concrete facts that would lead a reasonable person in like circumstances to fear persecution. Huaman-Cornelio v. Board of Immigration Appeals, 979 F.2d 995, 999 (4th Cir. 1992).

We must uphold the Board's determination that Parsa is not eligible for asylum if the determination is "supported by reasonable, substantial and probative evidence on the record considered as a whole." 8 U.S.C.A. § 1105a(a)(4) (West 1970 and Supp. 1996). We accord the Board all possible deference. Huaman-Cornelio v. Board of Immigration Appeals, 979 F.2d at 999. The decision may be "reversed only if the evidence presented by [Parsa] was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed." See INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992).

III

Parsa takes issue with the Board's conclusion that he did not qualify for asylum because he did not meet his statutory burden. However, Parsa has not lived in Afghanistan since he was two years old, and he has returned for a visit only once, when he was four. Although he testified that relatives have had problems with the former communist government in Afghanistan, no evidence substantiates his claimed fear that he will be persecuted because of their problems. There was no evidence presented that the current government in Afghanistan has any interest in him. Finally, his fear of the general unrest and upheaval in Afghanistan is of no help to Parsa. The Act "does not

3

extend eligibility for asylum to anyone who fears the general danger that inevitably accompanies political ferment and factional strife." Huaman-Cornelio v. INS, 979 F.2d at 1000. We conclude that substantial evidence supports the Board's finding that Parsa did not meet his burden of establishing statutory eligibility for asylum.

The standard for withholding of deportation is more stringent than that for granting asylum. INS v. Cardoza-Fonseca , 480 U.S. 421, 431-32 (1987). To qualify for withholding of deportation, an applicant must demonstrate a "clear probability of persecution." Id. at 430. As Parsa has not established entitlement to asylum, he cannot meet the more stringent standard entitling him to withholding of deportation.

IV

We accordingly deny the petition for review. We dispense with oral argument because our review of the materials before us reveals that it would not aid the decisional process.

PETITION DENIED

4